IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MAIN STREET AMERICA ASSURANCE COMPANY | : | |
| Plaintiff | : | |
| | : | No. 1:13-cv-2932 |
| v. | : | |
| | : | (Judge Kane) |
| JAMES R. GINGRICH, INC., et al. | : | |
| Defendants | : | |

## MEMORANDUM

Before the Court is Plaintiff Main Street America Assurance Company's motion for service of summons and complaint by United States Marshal or Deputy Marshal and to extend the time for service of the summons and complaint. (Doc. No. 15.) For the reasons that follow, the Court will grant the motion in part, and will deny it in part.

**I.  BACKGROUND**

On December 5, 2013 Plaintiff filed the above-captioned action against Defendants. (Doc. No. 1.) Plaintiff then requested that the Defendants execute a Waiver of Service of summons; however, three of the Defendants, John L. Landis, Landyshade Mulch Products, and Charles F. Snyder Funeral Home & Creamtory, Inc. have not executed the waivers. Plaintiff now moves the court to order a United States Marshal or Deputy Marshal to serve these Defendants pursuant to Federal Rule of Civil Procedure 4(c)(3), and to extend the time in which service must be effected to June 30, 2014, in accordance with Federal Rule of Civil Procedure 4(m). (Id.)

**II.  DISCUSSION**

   **1.  Appoint marshal to effectuate service**

Rule 4(c)(3) provides that "at the plaintiff's request, the court may order that service be made by a United States Marshal or Deputy Marshal or by a person specially appointed by the court." Fed.R.Civ.P. 4(c)(3) (emphasis added). The Court has discretion to order a marshal to effect service, but it should only do so when it appears such an order is necessary to effect service, such as the possibility of violence. See Lovelace v. Acme Markets, Inc., 820 F.2d 81, 84 n.3 (3d Cir. 1987).

Here, although Plaintiff asserts certain Defendants have not executed a waiver of service, it provides no basis or reason as to why service by a Marshal is necessary and a private citizen is inadequate to serve process in the matter. Accordingly, the Court finds no cause to appoint a marshal to effect service, and the Court will deny Plaintiff's request for the appointment of the U.S. Marshal to effect service. See Victor v. Huber, 3:12-CV-282, 2012 WL 1677360, at *3 (M.D. Pa. Mar. 30, 2012) report and recommendation adopted sub nom. Victor v. Hubbard, No. 12-00282, 2012 WL 1677342 (M.D. Pa. May 14, 2012) (declining to order service pursuant to Rule 4(c)(3) where movant "has done nothing more than request that the Court effect service on the remaining defendants, without explaining why the Court's assistance is being requested, or why such assistance or warranted").

    **2.**    **Extension of time to effectuate service**

Federal Rule of Civil Procedure 4(m) provides that "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." The only explanation provided by Plaintiff in seeking an extension is that certain Defendants did not execute a waiver of process. He does not aver that the individual Defendants evaded service, or that Plaintiff ever attempted to effectuate personal service. The Court finds that failure to

execute a wavier is not "good cause," and, therefore, Rule 4(m) does not mandate a grant of extension of time for service.  See Sanders-Darigo v. CareersUSA, 847 F. Supp. 2d 778, 784 (E.D. Pa. 2012) (finding that Plaintiff's reason to request an extension – Defendant's failure to execute waiver of service – was not good cause mandating an extension of time).  When Defendants failed to execute the waiver of service, Plaintiff was required to personally serve Defendants, which it did not do.  See id.

The Court, however, has discretion to extend the time for service even absent a showing of good cause.  Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1307 (3d Cir. 1995).  In determining whether to grant such a discretionary extension, Courts should be mindful of the Third Circuit's preference that cases be disposed of on the merits wherever practicable.  See Allstate Ins. Co. v. Funai Corp., 249 F.R.D. 157, 165 (M.D. Pa. 2008) (citing Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir.1984)).  Factors considered by Courts in this circuit include: (1) actual notice of the legal action; (2) prejudice to the defendant; and (3) any other relevant factors.  Gonzalez v. Thomas Built Buses, Inc., 268 F.R.D. 521, 528 (M.D. Pa. 2010).

The Court finds these factors weigh in favor of a brief extension of time.  Here, service was required of twelve Defendants, a large number.  Plaintiff asserts these Defendants were mailed copies of the complaint and waivers of service via certified mail, and the Defendants therefore had actual notice of the litigation.  Most importantly, the Court does not find any prejudice to Defendants.  "When considering prejudice in the context of exercising the Court's discretion, prejudice 'involves impairment of defendant's ability to defend on the merits, rather than foregoing such a procedural or technical advantage.'"  Shore v. Henderson, 168 F. Supp. 2d 428, 431 (E.D. Pa. 2001) (quoting Boley v. Kaymark, 123 F.3d 756, 759 (3d Cir.1997)).

Although more than 120 days have passed since the filing of the complaint on December 5, 2013, there has been no lengthy delay such that extending service would impair the unserved Defendants ability to defend on the merits.  See <u>Allstate Ins. Co. v. Funai Corp.</u>, 249 F.R.D. 157, 166 (M.D. Pa. 2008) (declining to grant an extension where it was "more than a year after their action was filed and more than three years after the incident upon which their claims are based occurred").

      Accordingly, the Court will exercise its discretion to extend the time for service by twenty days.  See <u>Shore</u>, 168 F. Supp. 2d at 432.  No further extensions will be granted.  An order consistent with this memorandum follows.